UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MARY BUCK THOMPSON,                          :
               Plaintiff,                  :     06 Civ. 15336 (PAC)
                                          :
  -  against -                              :     OPINION
                                          :     AND ORDER
V.E.W. LTD, COTY, INC. and LAIRD +           :
PARTNERS, LLC,                               :
               Defendants.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Mary Buck Thompson ("Thompson") brings this action against Defendants V.E.W. LTD ("VEW"), Coty Inc. ("Coty"), and Laird + Partners ("Laird") for copyright infringement under the Copyright Act, 17 U.S.C. §§ 501 et seq., violations of the Lanham Act, 15 U.S.C. § 1125(a), deceptive business practices under N.Y. Gen. Bus. Law § 349, false advertising under N.Y. Gen. Bus. Law § 350 and common law unfair competition and unjust enrichment. Thompson alleges that Defendants used the crowns she created in photographs which are part of a national advertising campaign for Vera Wang Princess perfume (the "Campaign") without compensation or consent, and misidentified her crowns as Vera Wang Fine Jewelry. Defendants move, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Thompson's claims for statutory damages and attorney's fees under the Copyright Act, for trade dress infringement, and for unjust enrichment. The Court now denies the motion as to statutory damages and attorney's fees under the Copyright Act, grants the motion to dismiss as to trade dress infringement and unjust enrichment, and grants Thompson leave to replead the dismissed claims.

**RELEVANT FACTS**[1]

**I. Thompson's Crowns**

Since 1998, Thompson has created crowns by "weaving and molding gold and silver wire into forms that she adorns with jewels…." Complaint ¶ 16. Thompson believes that no other designer creates crowns with a similar appearance, and she asserts that the trade dress of her crowns has "become distinctive of [her] goods and works in commerce." Id. ¶ 18.

**II. Defendants' Acquisition of Thompson's Crowns**

VEW is a corporation authorized by fashion designer Vera Wang Becker to license her name in connection with various products.  Coty, a major producer of perfumes, holds the license to produce Vera Wang Princess granted by VEW.  Laird was retained by Coty to manage the Campaign, and in turn retained Lori Goldstein Ltd. ("LGL") as fashion stylist for the photography session which produced the photographs used in the Campaign (the "Photo Shoot").

In January 2006, LGL contacted Thompson and asked to rent her crowns "for a photography session in connection with a potential advertising campaign." Id. ¶ 23. Thompson informed LGL that she would provide the crowns on a "rental fee basis." Id. ¶ 24.  Thompson subsequently shipped 32 crowns to LGL in February 2006, and, after the Photo Shoot was rescheduled and the crowns returned to her, shipped 34 crowns to LGL in late March 2006.  Defendant VEW reimbursed Thompson for the cost of insuring the

---

[1] These facts are drawn from the allegations in the Plaintiff's Complaint and the attached exhibits.  Sources will be cited only where quoted.

crowns during the second shipment, but Thompson received no other compensation from LGL or the Defendants.

### III. Defendants' Use of Thompson's Crowns

Thompson believes that the Princess ad campaign, using pictures including her crowns, began on August 10, 2006. Thompson discovered a picture of model Camilla Belle wearing one of her crowns in a fashion magazine in September 2006, and later found that the campaign's website, www.verawangprincess.com, contained pictures including three more crowns, and a video featuring "more of her crown jewelry." Id. ¶ 35. One or more of the campaign's advertisements using Thompson's crowns bore a credit line that read "Featuring…Vera Wang Fine Jewelry." Id. ¶ 37.

On October 3, 2006, Thompson applied to register "all the jewelry used in" the Princess ad campaign with the United States Copyright Office. Id. ¶ 41. Her application covered five crowns as individual works, and 42 crowns as a collection of works including the five also registered individually. On October 9, counsel for Thompson wrote a letter to Defendants Coty and VEW, informing them that the crowns were copyrighted and their use in the Princess ad campaign was unauthorized. Notwithstanding this notification, Defendants "continued utilizing [Thompson's] works…." Id. ¶ 43.

## DISCUSSION

### I. Rule 12(b)(6) Standard

3

The district court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1609 (2007).  The court accepts as true all factual allegations in the complaint, and views them in the light most favorable to the plaintiff. See De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996).  While detailed factual allegations are not required, however, a plaintiff must provide the grounds of her entitlement to relief beyond mere labels and conclusions; a formulaic recitation of the elements of a cause of action is insufficient. See Bell Atlantic Corp., 127 S.Ct. at 1964-65.  In ruling on a motion under Rule 12(b)(6), the Court may consider only the allegations made in the complaint and any facts of which judicial notice may be taken.  See Brass v. Amer. Film Techn., Inc., 987 F.2d 142, 150 (2d Cir. 1993).  The complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991), cert. denied, 503 U.S. 960 (1992).

**II. STATUTORY Damages and Attorney's Fees under the Copyright Act**

The prevailing party in a copyright infringement action is generally entitled to either her actual damages plus any additional profits of the infringer or statutory damages. 17 U.S.C. § 504(a).  In addition, the court has discretion to award the prevailing party a reasonable attorney's fee.  17 U.S.C. § 505.  The prevailing party is ineligible to receive either statutory damages or attorney's fees, however, if the infringement commences before the effective date of copyright registration, and the work

4

is either (1) unpublished at the time of infringement; or (2) published more than three months before the effective registration date.  See 17 U.S.C. § 412.  This rule applies even if the infringement commenced before the effective registration date continues after that date.  See Innovative Networks, Inc. v. Young, 978 F.Supp. 167, 175 (S.D.N.Y. 1997); Singh v. Famous Overseas, Inc., 680 F.Supp. 533, 535-36 (E.D.N.Y. 1988).  Defendants' contend that Thompson's claim for statutory damages and attorney's fees is necessarily barred by Section 412.  The Court disagrees.

The Complaint alleges that Thompson provided Defendants with more than 30 crowns for use in the Photo Shoot.  It further alleges that, prior to October 3, 2006, the effective copyright registration date,[2] Defendants used four of Thompson's crowns in print advertisements and photographs on the Princess website, and used an unspecified number of additional crowns in the video on the Princess website.  The Complaint does not make any allegation, direct or implied, that Defendants made infringing use, prior to October 3, 2006, of *all* the crowns provided for the Photo Shoot.  The Complaint also indicates that Defendants "continued utilizing [Thompson's] works" after October 3, 2006, but it does not specify or limit the number of crowns that Defendants used in the Campaign after that date.

The facts alleged in the Complaint are, in short, entirely consistent with Defendants using some of Thompson's crowns only after October 3, 2006.  Such use adequately supports Thompson's claims for statutory damages and attorney's fees under the Copyright Act, and therefore dismissal of those claims is inappropriate even if

---

[2] The effective registration date is the date on which a successful application was received in the Copyright Office. 17 U.S.C. § 410(d).

5

Defendants' legal analysis is correct in all other respects. Accordingly, Defendants motion is denied as to statutory damages and attorney's fees under the Copyright Act.

### III. Trade Dress

To state a claim for trade dress infringement, a plaintiff must articulate "the specific elements which comprise its distinct dress," and "a precise expression of the character and scope of the claimed trade dress." Landscape Forms, Inc. v. Columbia Cascade Co., 113 F.3d 373, 381 (2d Cir. 1997). The Complaint states only that the crowns are made of gold and silver wire woven and molded into "forms" that are "adorn[ed] with jewels." Complaint ¶ 16. That statement is not an adequate articulation of a distinctive trade dress, as even Thompson implicitly recognizes by providing a more expansive definition of her trade dress in her opposition to this motion. Even assuming Thompson's new definition is adequate, which the Court does not decide at this time, a statement in Thompson's brief cannot remedy defects in her pleadings. Thompson's claim for trade dress infringement must be dismissed.

### IV. Unjust Enrichment

Thompson's claim for unjust enrichment alleges that she was "denied any financial compensation or credit in connection with her loan" of her crowns, that Defendants were enriched by their use of the crowns "in connection with the Vera Wang Princess Campaign," and that equity requires restitution. Complaint ¶ 84-85. Defendants do not dispute that the allegations are sufficient to state a claim for unjust enrichment, but argue that the claim is preempted by Section 301 of the Copyright Act. Defendants' argument is persuasive.

There are two requirements for preemption of a state claim under Section 301. The first, that the work on which the state law claim is based be within the "subject matter of copyright," 17 U.S.C. 301(a), is obviously met in this case. The second requirement is that the state law create "legal or equitable rights that are equivalent to any of the exclusive rights" conveyed by federal copyright law. Id. Due to the equivalency requirement, Section 301 "preempts only those state law rights that 'may be abridged by an act which, in and of itself, would infringe one of the exclusive rights' provided by federal copyright law." Computer Assocs. Int'l, Inc. v. Altai, Inc., 982 F.2d 693, 716 (2d Cir. 1992) (quoting Harper & Row, Publishers, Inc. v. Nation Enters., 723 F.2d 195, 200 (2d Cir. 1983), rev'd on other grounds, 471 U.S. 539 (1985)). "Courts have frequently preempted…unjust enrichment claims that derive from the reproduction, use, or misappropriation of material covered by copyright protection." American Movie Classics Co. v. Turner Entertainment Co., 922 F.Supp. 926, 934 (S.D.N.Y. 1996) (collecting cases).

Thompson's unjust enrichment claim is based on the unauthorized use of images of her crowns in the Campaign. Such use clearly infringes, in and of itself, exclusive rights provided by federal copyright law, and a claim based on it is therefore preempted. To avoid this conclusion, Thompson argues that both Defendants' alleged misrepresentations that the crowns were a product of Vera Wang Fine Jewelry and LGL's acceptance of Thompson's crowns for the Photo Shoot without producing her anticipated compensation are sufficient to support an unjust enrichment claim without infringing rights conveyed by the copyright law. There is no allegation, however, that Defendants were enriched by either the alleged misrepresentations or the mere fact of Thompson's

7

loan of the crowns, as opposed to their use of *images* of her crowns in their advertising campaign. Without an allegation that Defendants were enriched by the conduct at issue, the Complaint does not state a claim for unjust enrichment. See Golden Pacific Bancorp v. F.D.I.C., 273 F.3d 509, 519 (2d Cir. 2001). Thompson's claim for unjust enrichment must therefore be dismissed.

## CONCLUSION

Defendants' motion to dismiss is GRANTED in part and DENIED in part. Plaintiff's trade dress infringement and unjust enrichment claims are dismissed without prejudice, and with leave to replead. The Clerk of the Court is directed to close out this motion.

Dated: New York, New York
June 15, 2007

SO ORDERED

PAUL A. CROTTY
United States District Judge